# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00269-CR

**Thomas Cummings, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. D-1-DC-08-200843, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Thomas Cummings of aggravated kidnapping, *see* Tex. Penal Code Ann. § 20.04 (West 2003), sentenced him to fourteen years in prison, and assessed a $1,000 fine. Cummings argues that the district court erred by allowing the same elemental fact—use of deadly force or a deadly weapon—to be used twice to enhance the underlying crime. We affirm the judgment of conviction.

The second annual IKKiCON Japanese Animation and Pop-Culture celebration was held February 8 through 10 at the Doubletree Hotel in Austin. Both 22-year-old Cummings, a soldier stationed at Fort Hood, Texas, and 15-year-old A.C. of Liberty Hill, Texas, were attending. On the second day of the convention, A.C. was in the fourth floor viewing room when she received a call from her boyfriend and stepped out of the room into the hallway to answer the call. When she did, Cummings grabbed her from behind. Cummings held A.C.'s neck tightly with his hand and arm

and forced her to walk a short distance down the hotel hallway toward the door to the hotel garage. When Cummings encountered another woman coming out of the garage door, he released A.C., pushed her down, and ran. He was eventually identified by hotel security and apprehended by police.

Cummings was indicted for aggravated kidnapping. *See id*. A jury convicted him as charged, sentenced him to fourteen years in prison, and assessed a $1,000 fine.

Cummings argues that the same elemental fact—use of deadly force or a deadly weapon—was used twice to aggravate Cummings's offense from an unlawful restraint to an aggravated kidnapping. *See id.* § 20.01 (West Supp. 2009), §§ 20.02-.04 (West 2003). Section 20.04 of the penal code is the aggravated kidnapping statute and provides:

(a)    A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

    (1)    hold him for ransom or reward;

    (2)    use him as a shield or hostage;

    (3)    facilitate the commission of a felony or the flight after the attempt or commission of a felony;

    (4)    inflict bodily injury on him or violate or abuse him sexually;

    (5)    terrorize him or a third person; or

    (6)    interfere with the performance of any governmental or political function.

(b)    A person commits an offense if the person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense.

*Id.* § 20.04. Cummings was charged with aggravated kidnapping on two theories—that he abducted A.C. with the intent to terrorize her, *see id.* § 20.04(a)(5), and that he abducted A.C. while using or exhibiting a deadly weapon (his hand or arm), *see id.* § 20.04(b).

Although Cummings does not expressly challenge the constitutionality of section 20.04, according to his argument, section 20.04 must be unconstitutional because a person could never be convicted for aggravated kidnapping under section 20.04(b) if the sole basis of the conviction was restraint of another by use or exhibition of a deadly weapon. In this situation, according to Cummings, because use of deadly force and use of a deadly weapon represent the same elemental fact, deadly force would have been used to aggravate unlawful restraint to kidnapping, and use of a deadly weapon would have been used to aggravate kidnapping to aggravated kidnapping. *See id.* § 20.01 (definition of "abduct"), §§ 20.02-.04 (provisions for unlawful restraint, kidnapping, and aggravated kidnapping). However, even assuming that Cummings is correct that (1) use of deadly force and use of a deadly weapon constitute the same elemental fact, (2) the same elemental fact cannot be used as an element of one offense and also to enhance that offense to a greater offense, and (3) the aggravated kidnapping statute is set up in those terms, the record requires that we affirm the district court's judgment on alternative grounds.

As noted, Cummings was charged under two theories of aggravated kidnapping, and both theories were submitted to the jury in the disjunctive. Under the first theory, the jury was instructed to find Cummings guilty of aggravated kidnapping if it found that Cummings intentionally or knowingly abducted A.C. with the intent to terrorize her. *See id.* § 20.04(a)(5). The jury convicted Cummings by general verdict. Cummings makes no challenge to the aggravated

3

kidnapping conviction based on abduction with intent to terrorize. *See id.* On this theory, even if Cummings were correct in his assertions above, the deadly force or deadly weapon element would have been used only once—to aggravate unlawful restraint to kidnapping.

A general verdict will be upheld if it is legally supportable on any of the grounds submitted to the jury. *Gonzalez v. State*, 8 S.W.3d 640, 641-42 (Tex. Crim. App. 2000). Because the judgment can be affirmed based on an alternative theory of aggravated kidnapping, not challenged by Cummings, we need not address Cummings's constitutional challenge. *See Turner v. State*, 754 S.W.2d 668, 675 (Tex. Crim. App. 1988) (courts address issue of constitutionality of statute only where absolutely necessary to decide case in which issue is raised). Accordingly, we overrule Cummings's sole issue.

Having overruled Cummings's issue, we affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: August 3, 2010

Do Not Publish

4